United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD G. STINSON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BOARD OF PRISON TERMS, et al.,<br><br>　　　　　Defendants.<br>_____ | No. C 06-3586 MMC (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTIONS; GRANTING REQUEST TO LODGE ADDITIONAL EXHIBITS**<br><br>(Docket Nos. 8, 9, 14, 20, 22, 24, 27, 29, 35, 38 & 41) |

　　On June 5, 2006, plaintiff, a California prisoner currently incarcerated at the California State Prison in Solano, California ("Solano") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983.  On June 26, 2006, he filed an amended complaint setting forth 29 claims against numerous state and local agencies and officials and seeking three million dollars in damages.[1]  By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

　　A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and

---

[1] The amended complaint supersedes the original complaint, King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and, unless otherwise noted, is hereinafter referred to as the "complaint."

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

A.   Claims Pertaining to Parole Revocation

Of the 29 claims in the complaint, 25 allege plaintiff's constitutional rights were violated in connection with the revocation of his parole in February 2006, which revocation led to plaintiff's present incarceration.[2] In particular, plaintiff alleges various police and parole officers violated his constitutional rights while investigating the violation of his parole, that parole board members violated his constitutional rights at the parole revocation hearing, and that the attorneys appointed to represent him at the parole revocation hearing provided ineffective assistance.

In order to recover damages based on an allegedly unconstitutional conviction or term of imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a plaintiff asserting a violation of § 1983 must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). A claim for damages based upon a conviction or sentence that has not been so invalidated is not cognizable under § 1983. See id. at 487. Consequently, a plaintiff may not seek money damages based on alleged constitutional violations that led to his confinement following a parole revocation hearing if he does not

---

[2]The 25 claims are claims 1 - 21 and 25 - 28.

allege that the parole board's decision has been reversed, expunged, set aside or called into question. See Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); see also McGrew v. Texas Bd. of Pardons & Paroles, 47 F.3d 158, 161 (5th Cir. 1995) (holding Heck bars § 1983 action challenging revocation of supervised release). Here, plaintiff claims defendants violated his constitutional rights while investigating his violation of parole and during the ensuing parole revocation hearing that led to his present incarceration. As a result, plaintiff's § 1983 claims are barred until such time as the parole board's decision revoking parole has been reversed, expunged, set aside or otherwise called into question.

B.  Remaining Claims

   1.  Claims 22 through 24

In claims 22 and 23, plaintiff alleges he was deprived of adequate medical care while he was on parole. Plaintiff names as defendants to these claims the California Department of Corrections and Rehabilitation ("CDCR"), the California Board of Prison Terms, and the California Parole Community Service Division. These defendants, all state governmental entities, are immune from suit under the Eleventh Amendment. See Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (finding California Adult Authority and San Quentin Prison immune); Bennett v. California, 406 F.2d 36, 39 (9th Cir. 1969) (finding California Adult Authority and California Department of Corrections immune). Similarly, as to claim 24, in which plaintiff claims his incoming and outgoing legal mail was disrupted at Solano, plaintiff names as defendants the CDCR and "Solano State Prison." These state governmental entities likewise are immune under the Eleventh Amendment. See id.

Additionally, in claims 22 through 24, plaintiff names as defendants the "staff" of the above-referenced state governmental entities. Individuals working for the state government may not have Eleventh Amendment immunity to the extent they are sued in their individual capacities. See Hafer v. Melo, 502 U.S. 21, 25, 31 (1991). Plaintiff, however, does not identify any individual staff members as defendants; as noted, he simply lists the "staff." To state a claim under § 1983 against an individual defendant, a plaintiff must set forth specific

facts as to each individual defendant's conduct, and show such conduct proximately caused a violation of his rights.  Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Chuman v. Wright, 76 F.3d 292, 294-95 (9th Cir. 1996) (holding defendant cannot be held liable based simply on membership in group; requiring showing as to each defendant's participation in unlawful conduct).  Plaintiff will be given leave to amend the complaint to identify, if he can do so, the individuals involved in the constitutional violations alleged in claims 22 through 24, and to set forth specific facts showing that each such individual's actions proximately caused said violations.

        2.     Claim 29

Lastly, in claim 29, plaintiff alleges defendants Oakland Police Officers Tisdel and Biletnikoff deprived him of adequate medical care after arresting him and transporting him to the county jail.  Liberally construed, this claim is cognizable.

D.    Motions

Plaintiff has filed a motion for a temporary restraining order ("TRO") and/or a preliminary injunction, by which motion plaintiff seeks an order precluding "prison authorities" at Solano from interfering with his mail.  Plaintiff has neither complied with the notice requirement of Rule 65(a)(1) of the Federal Rules of Civil Procedure, nor certified the reasons for his not providing such notice, as required by Rule 65(b) of the Federal Rules of Civil Procedure.  Moreover, plaintiff does not identify the "authorities" who are allegedly interfering with his mail and against whom he seeks a TRO or preliminary injunction.  Accordingly, plaintiff's motion for a TRO and/or a preliminary injunction is hereby DENIED.

Plaintiff also has filed a motion for "partial summary judgment."  This motion is premature; defendants have not been served with summons and the complaint, let alone had adequate time to discover the facts underlying plaintiff's claims.  In addition, as discussed above, all but four of plaintiff's claims are not cognizable as a matter of law, and only one of plaintiff's four remaining claims is going forward as pleaded.  Following any further amendment of the complaint and service on the defendants, plaintiff may file a summary

judgment motion with respect to any surviving claims, as provided below. The present motion for partial summary judgment is hereby DENIED.

Plaintiff's "Motion for Safeguard of Constitutional Rights" and "Motion to be Award[ed] Compensation and Damages," in which plaintiff argues his claims should be granted, are not authorized by the Federal Rules of Civil Procedure and, accordingly, these two motions are hereby DENIED.

Additionally, plaintiff's numerous motions for default judgment are hereby DENIED; as noted, defendants have not been served with summons and the complaint.

Finally, plaintiff's motion for appointment of counsel is hereby DENIED as there are no exceptional circumstances warranting such appointment. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981) (finding no constitutional right to counsel in civil case). Should the circumstances of the case materially change, the Court may reconsider plaintiff's request for appointment of counsel sua sponte.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1.   Claim 29, liberally construed, states a cognizable claim against Officers Biletnikoff and Tisdel. Claims 22 through 24 are hereby DISMISSED with leave to amend. The remaining claims, specifically, claims 1 - 21 and 25 - 28, are hereby DISMISSED without prejudice to plaintiff's refiling said claims at such time as the parole board's decision revoking parole has been reversed, expunged, set aside or otherwise called into question.

2.   Within **thirty (30) days** of the date this order is filed, plaintiff may file an SECOND AMENDED COMPLAINT, **using the court's form civil rights complaint**, in order to cure the deficiencies explained above in Claims 22 - 24. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 06-3586 MMC (PR), and the phrase "SECOND AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer

5

defendants to the action. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992). These rules govern actions filed by pro se litigants as well as litigants represented by counsel. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**If plaintiff chooses to file a second amended complaint and wishes to preserve Claim 29 from the amended complaint, he must include such claim in his second amended complaint; if plaintiff fails to include Claim 29 in a second amended complaint, it will not be considered by the Court and will no longer be part of this action. If plaintiff fails to timely file a second amended complaint in conformity with this order, the action will proceed only on the basis of Claim 29 in the amended complaint.**

3. It is plaintiffs' responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

4. Plaintiff's motion for a TRO and/or a preliminary injunction, "Motion for Safeguard of Constitutional Rights," "Motion to be Award[ed] Compensation and Damages," motion for partial summary judgment, motions for default judgment and motion for appointment of counsel, are hereby DENIED. Plaintiff's request to lodge additional exhibits is hereby GRANTED.

This order terminates Docket Nos. 8, 9, 14, 20, 22, 24, 27, 29, 35, 38 and 41.

IT IS SO ORDERED.

DATED: January 5, 2007

MAXINE M. CHESNEY
United States District Judge